IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| OLGA HERNÁNDEZ PADILLA,<br><br>**Plaintiff,**<br><br>v.<br><br>GRETCHEN PÉREZ, *et al.*,<br><br>**Defendants.** | CIVIL NO. 25-1386 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Olga Hernández Padilla ("Plaintiff") filed a Complaint against Gretchen Pérez ("Pérez") in her individual and official capacity, the Department of Justice of Puerto Rico, and the Commonwealth of Puerto Rico (collectively "Defendants"). Docket Nos. 4; 7. She asserts causes of actions under 42 U.S.C. § 1983 ("Section 1983") and P.R. LAWS. ANN. tit. 29, § 146 ("Law 100") for allegedly violating her constitutional rights under the Fourteenth Amendment. Docket Nos. 4; 7. Pending before the Court is Defendants' Motion to Dismiss. Docket No. 11. For the following reasons, the Motion to Dismiss is hereby **GRANTED**.[1]

**STANDARD OF REVIEW**

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a

---

[1] In view of our analysis regarding the Eleventh Amendment, the statute of limitations for Section 1983 actions, and the failure to state a claim, the Court need not address Plaintiff's arguments regarding prosecutorial or qualified immunity.

CIVIL NO. 25-1386 (JAG)                                                            2

complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). However, even when taking plaintiff's well-pleaded allegations as true, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Similarly, unadorned factual statements regarding the elements of the cause of action are insufficient as well. *Penalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not.").

## ANALYSIS

Defendants argue that (1) Plaintiff's monetary damages claims are foreclosed by the Eleventh Amendment, (2) the claims are time-barred, and (3) Plaintiff has failed to state a claim. Docket No. 11. The Court agrees.

### I.   Eleventh Amendment

The Eleventh Amendment bars suits seeking monetary damages against states brought in federal court by its own citizen or citizens of another State. *Sinapi v. R.I. Bd. of Bar Examiners*, 910 F.3d 544, 553 (1st Cir. 2018) ("Sovereign immunity . . . also extends to bar suits against state agents

CIVIL NO. 25-1386 (JAG)                                                                                                   3

and instrumentalities when the action is in essence one for recovery of money from the State.");

*Maysonet-Robles v. Cabrero*, 323 F.3d 43, 48-49 (1st Cir. 2003) (cleaned up); *see Sánchez v. Ramos v. P.R.*

*Police Dep't*, 392 F. Supp. 2d. 167, 177 (D.P.R. 2005) ("This immunity does not solely protect the

State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment

immunity also extends to arms or 'alter egos' of the State, which includes the officers acting on

behalf of the state.") (cleaned up). As relevant in the instant case, "[t]he Commonwealth of Puerto

Rico is treated as a state for Eleventh Amendment purposes" and, thus, enjoys sovereign immunity

in federal court. *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. and Caribbean Cardiovascular Ctr. Corp.*,

322 F.3d 56, 61 (1st Cir. 2003). Likewise, co-Defendants Pérez in her official capacity[2] and the

Department of Justice are protected by the Eleventh Amendment as arms or instrumentalities of

the state. *See Johnson v. Dep't de Corrección y Rehabilitación*, 2017 WL 2589273, at *7 (D.P.R. June 14,

2017) ("[S]ince . . . the Department of Corrections and Rehabilitation is an arm of the state, it

cannot be sued in federal court, and hence, it is immune from suits under the Eleventh

Amendment."). As such, Plaintiff's monetary damages claims must be **DISMISSED**.

II.    **Statute of Limitations**

Because Section 1983 does not provide a statute of limitations, courts look to the state's

statute of limitations for tort actions. *Ruiz Sulsona v. Univ. of P.R.*, 193 F. Supp. 2d 413, 415 (D.P.R.

2002) (citing *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 353 (1st Cir. 1992)). However, "[t]he

---

[2] A suit against an officer of the state in his or her official capacity is considered a suit against the government agency. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989); *see also Sánchez Ramos v. P.R. Police Dep't*, 392 F. Supp. 2d. 167, 177 (D.P.R. 2005) (citing *Ainsworth Aristocrat Int' Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir. 1987)) ("This immunity does not solely protect the State. Rather, since a state only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or 'alter egos; of the State, which includes the officers acting on behalf of the state.").

CIVIL NO. 25-1386 (JAG)                                                                4

date of accrual of [a Section 1983] action is determined in accordance with federal law." *Rivera-Muriente*, 959 F.2d at 353 (citations omitted). Such accrual "ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Id.* In Puerto Rico, a cause of action for tort liability prescribes after one year. P.R. LAWS ANN. tit. 31, § 9496(a). Thus, Plaintiff's Section 1983 claims are subject to a limitations period of one year.[3]

Plaintiff alleges that Defendants engaged in conduct that violated her constitutional rights on or around August 2023. Docket No. 2 at 1. She filed her Complaint on July 23, 2025, nearly 2 years later, contending that her delay is due to "procedural uncertainty, not neglect." *Id.* at 2. Plaintiff further asserts that her Section 1983 action is not time-barred because she did not become aware that her rights were allegedly violated until she took law school classes on civil procedure, criminal procedure, and evidence during the 2024 and 2025 academic years. Docket No. 14 at 5-6. The Court is not persuaded by Plaintiff's arguments. The Supreme Court has "long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581 (2010) (citations omitted); *see United States v. Marquardo*, 149 F.3d 36, 42 (1st Cir. 1998) ("We restate the age-old principle that ignorance of the law is not a defense to its violation.") (citation omitted); *see also Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system"). Thus, Plaintiff cannot use ignorance of the law as a defense to overcome the limitations

---

[3] Plaintiff's claim under Law 100, Puerto Rico's general employment discrimination statute, is also subject to a one-year statute of limitations. *Landrau-Romero v. Banco Popular de P.R.*, 212 F.3d 607, 615 (1st Cir. 2000); *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 60-61 (1st Cir. 2005).

CIVIL NO. 25-1386 (JAG)                                                    5

period of her Section 1983 and Law 100 claims. Accordingly, Plaintiff's claims must be **DISMISSED WITH PREJUDICE** as untimely.

 III.     **Failure to State a Claim**

Even assuming *arguendo* that Plaintiff's Section 1983 action is timely, she has failed to sufficiently plead her claim.[4] Given Plaintiff's *pro se* status, the Court must construe her allegations liberally. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("We are required to construe liberally a *pro se* complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief.") (citations omitted). Nevertheless, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Id.* (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff need not include "detailed factual allegations," but Federal Rule of Civil Procedure 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

In the case at hand, Plaintiff asserts that Defendants' conduct violated her (1) due process and equal protection rights under the Fourteenth Amendment, and (2) her First Amendment rights. Docket Nos. 1; 4; 7. However, Plaintiff's Complaint, Amended Complaint, and Second

---

[4] Plaintiff also asserts that that her "damages [are] claimable as well under [the] Federal Torts Claim Act." Docket No. 4 at 2. However, this Act is only applicable to torts committed by federal government employees. *See* 28 U.S.C. § 1346(b); *Martin v. United States*, 605 U.S. 395, 400 (2025) ("The [Federal Tort Claims Act] allows those injured by federal employees to sue the United States for damage."). Here, Defendants are state government employees, thus making the Federal Tort Claims Act inapplicable.

CIVIL NO. 25-1386 (JAG)                                                                        6

Amended Complaint are devoid of sufficient factual allegations to show a plausible entitlement

to relief under the Fourteenth Amendment and the First Amendment.

First, the Fourteenth Amendment ensures both procedural and substantive due process.

*García-González v. Puig-Morales*, 761 F.3d 81, 88 (1st Cir. 2014); *Cruz-Erazo v. Rivera-Montañez*, 212 F.3d

617, 621-22 (1st Cir. 2000). Since Plaintiff has not identified a protected liberty or property

interest, *see García-González*, 761 F.3d at 88, the Court assumes that she alleges a substantive due

process violation under the Fourteenth Amendment.[5] Docket Nos. 1; 4.

To state a substantive due process claim, a plaintiff must first sufficiently allege that the

specific government conduct is "so extreme and egregious as to shock the contemporary

conscience." *Abdisamad v. City of Lewiston*, 960 F.3d 56, 59-60 (1st Cir. 2020). "Only if the executive

conduct does shock the conscience will the analysis move on to the substantive due process

framework's next stage (whether the conduct restricts a protected fundamental right)." *Foote v.*

*Lulow School Comm.*, 128 F.4th 336, 346 (1st Cir. 2025). Here, none of Plaintiff's allegations are

sufficient to shock the conscience.[6] *See J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010) ("[N]egligence,

without more, is simply insufficient to meet the conscience-shocking standard") (citation

omitted). Moreover, Plaintiff has failed to identify a protected fundamental right that was

restricted by Defendants' conduct. Accordingly, Plaintiff's Fourteenth Amendment claim is

**DISMISSED WITH PREJUDICE**.

---

[5] The Court finds that Plaintiff would have also failed to sufficiently plead a procedural due process violation claim because she has not identified a protected liberty or property interest. *See García-González*, 761 F.3d at 88.

[6] Plaintiff has only provided conclusory statements alleging that Defendants violated her rights by engaging in retaliatory conduct, excluding her from a public forum, and threating to take legal action against her. Docket No. 7.

CIVIL NO. 25-1386 (JAG)                                                                      7

Second, the First Amendment protects an individual's freedom of religion, freedom of speech, freedom of the press, right to peacefully assemble, and right to petition the government for a redress of grievances. U.S. Const. Amend. I. Here, Plaintiff merely asserts in a conclusory fashion that Defendants retaliated against her by committing public defamation, excluding her from a public forum, and threatening to take legal action. These allegations put forth no facts to suggest that any of her First Amendment rights were violated. Thus, Plaintiff has failed to state a viable First Amendment claim. Accordingly, Plaintiff's First Amendment claim is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff's Section 1983 claims and Law 100 claim are time-barred and, thus, these claims are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, May 05, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
